# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30077
USDC No. 2:14-CV-177

A True Copy
Certified order issued Sep 14, 2015

Tyle W. Cayce

Clerk, U.S. Court of Appeals, Fifth Circuit

LEONARD E. BLACKBURN,

           Petitioner-Appellant

v.

HOWARD PRINCE, Warden,

           Respondent-Appellee

Appeal from the United States District Court for the
Eastern District of Louisiana, New Orleans

O R D E R:

  Leonard E. Blackburn, Louisiana prisoner # 098338, seeks a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2254 application challenging his convictions for possession with the intent to distribute cocaine and possession of hydrocodone and his sentence as a habitual offender. Blackburn argues that his trial counsel was ineffective for failing to communicate a 12-year plea offer to him before it was withdrawn. A Louisiana state court denied Blackburn's postconviction relief application advancing this argumente, and the state's appellate courts subsequently denied his writ applications. Noting that Blackburn had arguably failed to present the substance of his ineffective assistance of counsel claim to the Louisiana Supreme Court, the district court dismissed Blackburn's federal

Case: 15-30077     Document: 00513192334     Page: 2     Date Filed: 09/14/2015
Case 2:14-cv-00177-JTM   Document 26   Filed 09/15/15   Page 2 of 4

No. 15-30077

habeas petition on the merits. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). The district court also denied a COA.

In order to obtain a COA from this court, Blackburn must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). An applicant satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

To prevail on a claim of ineffective assistance of counsel, a prisoner must show: (1) that his counsel's performance was deficient in that it fell below an objective standard of reasonableness, and (2) that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Courts apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

"[A]s a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Missouri v. Frye*, 132 S. Ct. 1399, 1408 (2012). To show prejudice from counsel's failure to communicate such an offer, the prisoner must "demonstrate a reasonable probability" that (1) he would have accepted the plea offer, (2) the plea offer "would have been entered without the prosecution canceling it or the trial court refusing to accept it," and (3) "the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time." *Id.* at 1409.

Case: 15-30077     Document: 00513192334     Page: 3     Date Filed: 09/14/2015
Case 2:14-cv-00177-JTM   Document 26   Filed 09/15/15   Page 3 of 4

No. 15-30077

Here, the prosecution initially offered defense counsel a plea bargain with a twelve-year sentence. The record reflects that counsel immediately tried to locate Blackburn to communicate that offer, first going to the jail at which Blackburn was being held and then, at the direction of jail employees, to a work release site. But on the same day the twelve-year offer was made—and before counsel had communicated it to Blackburn—the prosecution withdrew that offer, citing further investigation of Blackburn's criminal history and refusing to negotiate any sentence lower than eighteen years. Under Louisiana law, the government generally "remains free to withdraw a plea agreement up to the time the plea is entered." *State v. Camanita*, 411 So.2d 13, 16 (La. 1982).

Even if it could be said that counsel was ineffective in failing to find Blackburn and communicate the twelve-year offer to him during the brief period before it was withdrawn, Blackburn has made no substantial showing that he could demonstrate a reasonable probability that the plea offer "would have been entered without the prosecution canceling it" were it not for the alleged ineffective assistance of counsel. *Frye*, 132 S. Ct. at 1409; *see Lafler v. Cooper*, 132 S. Ct. 1376, 1385 (2012) (explaining that a petitioner must show a "reasonable probability that . . . the prosecution would not have withdrawn [the plea bargain] in light of intervening circumstances"). Accordingly, Blackburn has made no substantial showing that reasonable jurists could disagree with the district court's conclusion that he cannot demonstrate prejudice under the second *Strickland* prong.

For these reasons, Blackburn's motion for a COA is DENIED.

_____
STEPHEN A. HIGGINSON
UNITED STATES CIRCUIT JUDGE

# *United States Court of Appeals*
**FIFTH CIRCUIT**
OFFICE OF THE CLERK

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE**
**NEW ORLEANS, LA 70130**

September 14, 2015

Mr. William W. Blevins
U.S. District Court, Eastern District of Louisiana
500 Poydras Street
Room C-151
New Orleans, LA 70130

    **No. 15-30077     Leonard Blackburn v. Howard Prince**
                   USDC No. 2:14-CV-177

Dear Mr. Blevins,

Enclosed is a copy of the judgment issued as the mandate.

                    Sincerely,

                    LYLE W. CAYCE, Clerk

                    By: _____
                    Sabrina B. Short, Deputy Clerk
                    504-310-7817

cc w/encl:
    Mr. Leonard E. Blackburn
    Ms. Kathryn W. Landry